```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


GRISELA RAMOS o/b/o              :    No. 4:CV-04-1411
KAYLA N. GARCIA, a minor,        :
                                 :
        Plaintiff,               :    Complaint Filed 06/03/04
                                 :
    v.                           :
                                 :
JO ANNE B. BARNHART,             :
Commissioner of Social           :    (Judge Muir)
Security Administration,         :
                                 :
        Defendant                :    (Magistrate Judge Mannion)
```

ORDER

July 25, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 4, 2002, Plaintiff Grisela Ramos filed an application for benefits on behalf of her granddaughter, Kayla N. Garcia, a child under the age of eighteen.  Garcia was born on March 9, 1995.  Ramos alleged in the application that Garcia was disabled as of January 20, 2002, as a result of Attention Deficit Hyperactivity Disorder and depression.  After an administrative hearing, an Administrative Law Judge denied Ramos's application in a written decision dated January 23, 2004.  On April 29, 2004, the Appeals Council denied Ramos's request for review.

Ramos filed her action in this court on June 3, 2004.  The Clerk of Court assigned responsibility for this case to us but referred it to United States Magistrate Judge Malachy E. Mannion for preliminary consideration.

On July 1, 2005, the Magistrate Judge issued a twenty-three page report recommending that this action be remanded to the Administrative Law Judge because the Administrative Law Judge's decision is not supported by substantial evidence.  Objections to that report and recommendation were due to have been filed by July 18, 2005.  On July 11, 2005, the Commissioner filed a letter stating that she "waives the opportunity to respond to the Report and Recommendation entered by the Magistrate Judge" in this case.  On July 12, 2005, Ramos filed a substantially similar letter.  No other document has been filed in this case since the Magistrate Judge filed his report and recommendation.  The matter is ripe for disposition.

When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate.  Thomas v. Arn, 474 U.S. 145, 151-52 (1985).  In an appeal of the denial of Social Security Benefits, our review of the Magistrate Judge's report and the issues therein is governed not only by that principle but also by 42 U.S.C. §405(g).  In such cases our review is less than plenary.  A decision of the Commissioner which is supported by substantial evidence must be affirmed. E.g., Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" Richardson v. Perales, 420 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971).

    In his Report and Recommendation Magistrate Judge Mannion concluded that the Administrative Law Judge's decision is not based on substantial evidence for two reasons. The first is that a substantial number of pages of a significant exhibit were not placed in the record. The documents at issue were a part of Exhibit 5E, which included Garcia's updated school records. That information is essential to evaluate Garcia's performance in school, which is relevant to the ultimate determination of whether she is entitled to benefits.

    The Magistrate Judge's second reason for his conclusion relates to the dosages and timing of Garcia's medication. The record indicates that the side effects of her medication are so severe that her dosages are limited and she is medicated only for the 8-hour period during which she is in school. Magistrate Judge Mannion found that the Administrative Law Judge's decision does not reflect any consideration of Garcia's condition and impairments when she is not medicated; that period consists of

the time during which Garcia is not in school, which is approximately 16 hours per day. Based on the governing regulations, an adequate assessment of Garcia's condition would include that period. The Administrative Law Judge's decision is deficient for failing to address that period.

For the reasons noted above, Magistrate Judge Mannion recommends that the matter be remanded. Our review of this case confirms the Magistrate Judge's conclusions and we have not been presented with any reason to revisit them. For the reasons stated in Magistrate Judge Mannion's Report and Recommendation, we are of the view that the Administrative Law Judge's decision is not supported by substantial evidence because it fails to consider 1) all of Exhibit 5E, and 2) Garcia's condition when she is unable to take her medication because of medical reasons. Because we find no error in Magistrate Judge Mannion's Report and Recommendation and because no objections have been filed to it, we will adopt the conclusions set forth therein as our own.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Mannion filed July 1, 2005, is adopted *in toto*.
2. This case is remanded to the Administrative Law Judge for consideration of Exhibit 5E in its entirety, and Garcia's condition when she is unable to take her medication because of medical reasons.

3.   The Clerk of Court shall close this case.


                                    s/Malcolm Muir
                                    MUIR, U.S. District Judge

MM:ga